AI-98-2                                                                    1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| Carlos M. Hernández López<br>      Peticionaria<br><br>           V.<br><br>Hon. Ricardo Santana Ramos<br>      Recurido | Auto Inhibitorio<br><br>98TSPR155 |

Número del Caso: AI-98-2

Abogados Parte Peticionaria:   Lcdo. Mario Pabón Rosario
                               Lcdo. Angel J. Ortiz Guzmán
                               Lcdo. Carlos M. Hernández López

Abogados Parte Recurrida:      Lcdo. Carlos Lugo Fiol
                               Procurador General
                               Lcda. Edda Serrano Blasini
                               Procuradora General Auxiliar
                               Lcdo. Pedro Delgado Hernández

Tribunal de Instancia: Superior Mayaguez

Juez del Tribunal de Primera Instancia: Hon. Ricardo Santana Ramos

Fecha: 11/18/1998

        Este documento constituye un documento oficial del
        Tribunal Supremo que está sujeto a los cambios y
        correciones del proceso de compilación y
        publicación oficial de las decisiones del Tribunal.
        Su distribución electrónica se hace como un
        servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos M. Hernández López
y otros

    Demandantes-peticionarios


          v.                        AI-98-2


Hon. Ricardo Santana Ramos
y otros

    Demandados-recurridos




RESOLUCION


San Juan, Puerto Rico, a 18 de noviembre de 1998


    Muestren causa los demandados por la cual, a tenor con lo dispuesto en el Art. 667 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3464, y la Regla 16(g) del Reglamento del Tribunal Supremo, no deberíamos entender que las partes han sido debidamente emplazadas. Luego de lo cual expediríamos el auto inhibitorio y dictaríamos una orden dejando sin efecto el señalamiento de la vista en su fondo de 25 de noviembre, reseñalándola para el próximo lunes 23 de noviembre y ordenando al foro de instancia resolver el caso no más tarde del martes 24 de noviembre. El escrito mostrando causa deberá ser presentado ante este Tribunal el viernes 20 de noviembre no más tarde de las doce (12) del medio día.

Notifíquese vía fax y por teléfono.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri hace constar su preocupación de que debido al curso procesal que ha tomado este caso, todo ello fuera del control de los demandantes, los

derechos de éstos se puedan ver afectados dado el corto lapso de tiempo con que se cuenta antes de la celebración del plebiscito. Entiende que esta preocupación podría ser salvada si, una vez resuelto el caso en instancia, la parte que no esté conforme con dicha determinación recurre al Tribunal de Circuito de Apelaciones y solicita de éste los remedios que entienda apropiados, o de estimarlo pertinente y a tenor con lo dispuesto en el Art. 3002(g) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, solicita la certificación del caso a este Tribunal, de forma tal que el foro con autoridad para determinar de forma final la constitucionalidad de los estatutos y de los derechos constitucionales de los demandantes al amparo de la Constitución del Estado Libre Asociado de Puerto Rico, pueda así hacerlo con la premura que el caso amerita. El Juez Asociado señor Negrón García emitió un voto disidente al cual se unió el Juez Asociado señor Corrada del Río. El Juez Asociado señor Rebollo López no intervino.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carlos M. Hernández López,
personalmente y como Presi-
dente del Frente Autonomista
Mayaguezano y otro

     Demandantes-peticionarios

                    AI-98-2     Auto
Inhibitorio
        v.

Hon. Ricardo Santana Ramos,
Juez del Tribunal de Primera
Instancia, etc.

     Demandados-recurridos


Voto Disidente del Juez Asociado señor Negrón García al cual
se une el Juez Asociado señor Corrada del Río


San Juan, Puerto Rico, a 18 de noviembre de 1998

Coincidimos con el criterio de que es improcedente la petición de certificación presentada por el Sr. Carlos M. Hernández López, pro se y como Presidente del Frente Autonomista Mayagüezano. **Igualmente debimos denegar el auto inhibitorio**.

Una mayoría del Tribunal, sin tener jurisdicción, la asume con relación a la

petición del auto inhibitorio. Con rapidez intima un posible curso de acción cuyo resultado es ordenar al foro de instancia que siga un apretado itinerario, proceda a celebrar el próximo lunes 23 de noviembre una vista evidenciaria y resuelva al otro día.

No comprendemos cómo adelantar la fecha del señalamiento del miércoles 25 de noviembre al próximo lunes 23, justifique la intervención de este foro en una petición que no cumple con los requisitos básicos que exige el recurso.

Según indicado, este Tribunal no tiene facultad para asumir jurisdicción y adoptar el anterior trámite, ya que, ni la demanda en instancia como tampoco la petición de auto inhibitorio, están debidamente juramentadas, requisito esencial exigido por el Art. 666 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 3463. Aparte de carecer del requisito de declaración jurada necesaria, la mayoría adopta un trámite peculiar sobre un asunto litigándose en Primera Instancia. Prescinde de un mandato de la Regla 16(g) de nuestro Reglamento que expresamente ordena que en "los recursos extraordinarios la parte peticionaria emplazará a todas las partes afectadas de conformidad con las disposiciones pertinentes de las Reglas de Procedimiento Civil. Motu proprio o a solicitud de parte, el Tribunal podrá disponer de alguna otra forma de emplazamiento." El emplazamiento siempre es necesario para ejercitar nuestra jurisdicción en Primera Instancia. Difícilmente puede este Tribunal sustituir ese requisito por el emplazamiento habido en Primera Instancia.

Con todo respeto, la mayoría del Tribunal ha entremezclado los recursos presentados ante nos,

imprecedentes y por medio del mecanismo de mostración de causa, está realmente interviniendo vía una certificación no autorizada en la Ley de la Judicatura.

Es ilógico e inexplicable ordenar a un juez que continúe el procedimiento de determinado modo justificando la orden en una solicitud de auto inhibitorio. Es elemental que el remedio final en un auto inhibitorio es paralizar todo procedimiento ulterior en el litigio. Art. 664; 32 L.P.R.A. sec. 3461. Charana v. Pueblo, 109 D.P.R. 641 (1980). Casares lo define como "impedir que un juez prosiga en el conocimiento de una causa". Casares, J., Diccionario Ideológico de la Lengua Española, Segunda ed., Ed. Gustavo Gili, S.A., Barcelona, (1982), pág. 474. Es por tanto, erróneo intervenir y dirigir un procedimiento en marcha.

A la luz de lo antes expuesto, no podemos suscribir la orden para mostrar causa mayoritaria. Parece que la mayoría del Tribunal para asumir jurisdicción donde no la tiene, ha entremezclado conceptos propios que pertenecen a una certificación, auto inhibitorio y mandamus; todos recursos excepcionales. En recta juridicidad, ¿se justifica?


ANTONIO S. NEGRON GARCIA
Juez Asociado